UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KENNETH PELLETIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:12-cr-00119-GZS |
| | ) | 2:16-cv-00260-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Kenneth Pelletier moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 57.) In 2013, following a guilty plea, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine and 280 grams or more of cocaine base; the Court sentenced Petitioner to 222 months in prison. (Judgment, ECF No. 49 at 1-2.) Petitioner did not appeal from the judgment or the conviction. Petitioner claims he is entitled to relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), for his career offender sentence.

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

### **I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

At sentencing, the Court found the facts as set forth in the revised presentence investigation report. (Sentencing Tr., ECF No. 53 at 31.) Consistent with the report,

the Court concluded that the following three prior Maine state court convictions qualified as predicates under USSG § 4B1.1(a) for purposes of a career offender enhancement: a 1997 burglary offense (1998 conviction); a 2003 drug trafficking offense; and a 2004 drug trafficking offense.[1] (Sentencing Tr., ECF No. 53 at 9, 31.)

The Court calculated Petitioner's offense level as follows: the base offense level was 34, based on a drug quantity of 6,477.8 kilograms of marijuana equivalent, pursuant to USSG § 2D1.1(c)(3); the offense level increased to 37, pursuant to USSG § 4B1.1(b)(1), because the statutory maximum term of imprisonment for the offense of conviction was life; the offense level was reduced by three levels, to 34, pursuant to USSG § 3E1.1(a), as credit for Petitioner's acceptance of responsibility. (*Id.* at 31.) The Court found the criminal history was Category VI. (*Id.*) The Court determined the advisory sentencing guidelines range was from 262 to 327 months. (*Id.*)

The Court considered the sentencing factors set forth in 18 U.S.C. § 3553(a), particularly "the circumstances of the offense, the history of the defendant, need for just punishment, and the need for deterrence," and the Court imposed a term of imprisonment of 222 months, to be followed by ten years of supervised release. (*Id.* at 34.) The sentence

---

[1] The revised presentence investigation report reflects that Petitioner objected on the basis that the burglary offense did not qualify as a career offender predicate under USSG § 4B1.2(a)(2), because Petitioner had burglarized a business rather than a dwelling. Petitioner also argued that the two drug trafficking offenses should be considered a single sentence, pursuant to USSG § 4A1.2(a)(2). In Petitioner's sentencing memorandum, he withdrew the objections. (Sentencing Memorandum, ECF No. 42 at 11 & n.4.) At sentencing, in response to the Court's inquiry, Petitioner told the Court he was aware that counsel did not object to the contents of the presentence investigation report, and he had approved the decision. (Sentencing Tr., ECF No. 53 at 4.)

reflected a downward departure that the Court had granted on the Government's motion. (*Id.* at 5-6.)

Petitioner states that he placed his section 2255 motion in the prison mailing system on May 18, 2016; it was filed on May 23, 2016. (Motion at 1, 12.)

## II. DISCUSSION

Petitioner contends that he is entitled to habeas relief because he was sentenced under the guidelines "residual" clause, USSG § 4B1.2(a)(2), which corresponds to the Armed Career Criminal Act (ACCA) provision the Supreme Court held unconstitutionally vague in *Johnson*.[2]

---

[2] In *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2251 (2015), the Supreme Court addressed the Armed Career Criminal Act, which provides in relevant part that a defendant "who violates [18 U.S.C. § 922(g)] and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be . . . imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1).

Section 924(e)(2)(B) defines the term "violent felony" and provides in relevant part:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)**   has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)**   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 924(e)(2)(B)(i) is known as the "force" clause or the "elements" clause; the provision of section 924(e)(2)(B)(ii) that references burglary, arson, extortion, or the use of explosives, is known as the "enumerated" offenses clause; and the remainder of section 924(e)(2)(B)(ii), i.e., the provision "or otherwise involves conduct that presents a serious potential risk of physical injury to another," is known as the "residual" clause. *United States v. Starks*, 861 F.3d 306, 314 (1st Cir. 2017); *United States v. Edwards*, 857 F.3d 420, 422-23 & n.2 (1st Cir. 2017). In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague, but the Court left intact the force clause and the enumerated offenses clause. 135 S. Ct. at 2555-57, 2563.

Petitioner's *Johnson* claim fails because in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), the Supreme Court held that *Johnson* did not apply to career offender sentences.

> At the time of petitioner's sentencing, the advisory Sentencing Guidelines included a residual clause defining a 'crime of violence' as an offense that 'involves conduct that presents a serious potential risk of physical injury to another.' This Court held in [*Johnson*] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. Petitioner contends that the Guidelines' residual clause is also void for vagueness. Because we hold that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, we reject petitioner's argument.

*Beckles*, 137 S. Ct. at 890 (quoting USSG § 4B1.2(a)(2)).[3]

The First Circuit held that *Beckles* "put the residual clause back in play" for career offender sentences under the advisory guidelines. *United States v. Ball*, 870 F.3d 1, 4

---

[3]USSG § 4B1.1 addresses the sentencing guidelines enhancement for career offenders. Section 4B1.1(a) provides in relevant part: "A defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

USSG § 4B1.2(a) provided at the time of Petitioner's sentencing:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 4B1.2(a) was amended following *Johnson*, and the residual clause was deleted. USSG Supp. to App. C, amend. 798 (Aug. 1, 2016). However, the amendment does not apply retroactively. USSG § 1B1.10; *United States v. Strevig*, 663 F. App'x 908, 912 (11th Cir. 2016) (per curiam) ("The Sentencing Commission . . . has not made Amendment 798 retroactive to individuals sentenced prior to the effective date of the amendment.").

(1st Cir. 2017); *see United States v. Booker*, 543 U.S. 220, 245 (2005) (holding that the sentencing guidelines, excised of provisions the Court held unconstitutional, are "effectively advisory"). *Beckles* precludes Petitioner's *Johnson* claim, because his sentence was imposed after *Booker*, i.e., after the sentencing guidelines became advisory.[4]

Although the issue of whether a Maine burglary qualifies as an ACCA predicate violent felony after *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), is pending before the First Circuit in three cases that have been consolidated for briefing and argument, *see Dimott v. United States*, No. 16-2289; *Collamore v. United States*, No. 16-2319; *Casey v. United States*, No. 16-2368 (here referred to collectively as *Dimott*), the outcome of *Dimott* would have no bearing on Petitioner's section 2255 claim. First, as this Court noted in *Dimott*, *Mathis* "has not been recognized as a case that announced a

---

[4] Had Petitioner asserted a valid claim under *Johnson*, his section 2255 motion, because it was filed within one year of the June 26, 2015, decision in *Johnson*, would have been considered timely under 28 U.S.C. § 2255(f)(3). Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because Petitioner's *Johnson* claim does not meet the requirements of section 2255(f)(3), the motion is not timely under section 2255(f)(3). Furthermore, Petitioner's allegations do not raise any issue under sections 2255(f)(1), (2), or (4), nor do the allegations raise any issue of equitable tolling.

new substantive rule that is retroactively applicable to cases on collateral review." *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3, 2016 U.S.Dist. Lexis 142354, at *6 (D. Me. Oct. 14, 2016). In addition, the central issue in *Dimott* is "whether the retroactive application of [*Johnson*] allows any petitioner serving an ACCA sentence to have his qualifying 'violent felony' convictions re-examined even if those convictions appear to fall under the enumerated clause" of the ACCA. *Dimott*, 2016 WL 6068114, at *4, 2016 U.S. Dist. Lexis 142354, at *12. As explained above, *Beckles* precludes Petitioner's *Johnson* claim, because his sentence was under the guidelines, rather than under the ACCA. Because *Mathis* is not in itself retroactively applicable, Petitioner would not be entitled to relief under *Mathis*, regardless of the outcome in *Dimott*.[5]

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the

---

[5] Although Petitioner does not assert a habeas claim regarding the two predicate drug trafficking offenses, such a claim likely would have been unsuccessful in any event, because it would have been untimely under section 2255(f), and because the offenses qualify and suffice as the requisite two career offender predicates. *See* USSG § 4B1.1(a); *United States v. Wright*, 862 F.3d 1265, 1281 (11th Cir. 2017) ("'Because an intervening arrest separated the underlying predicate offenses, the district court did not err in counting them separately and enhancing Wilks' sentence under § 4B1.1.'") (quoting *United States v. Wilks*, 464 F.3d 1240, 1244 (11th Cir. 2006)). Thus, even if Petitioner's habeas claim regarding the predicate offense of burglary had merit (which, as explained above, it does not), a habeas challenge based on Petitioner's career offender status would have failed.

Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of November, 2017.