UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:12-cr-00119-GZS |
| KENNETH PELLETIER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 76). Having reviewed this Motion, along with all of the other related filings (ECF Nos. 78, 80 & 81) and the entire docket, the Court DENIES Defendant's Motion.

**I.   LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least seven circuits have

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, pandemic-related motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. Aruda, --- F.3d ---, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam); United States v. Shkambi, --- F.3d ---, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021); United States v. McGee, --- F.3d ---, 2021 WL 1168980, at *12 (10th Cir. March 29, 2021). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), *aff'g* No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019). Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a). See, e.g., United States v. Almeida, No. 2:11-cr-00127-DBH, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the coronavirus pandemic). Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant." 18

U.S.C. § 3553(a)(2)(C); ); see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or to the community").

## II.     DISCUSSION

Defendant Kenneth Pelletier, now age 57, has served approximately 50 percent of his 222-month sentence. He has a current estimated release date of February 13, 2029. He is currently categorized as a Physical Care Level 2/Mental Health Care Level 1 by BOP. Pelletier is serving his sentence at Danbury FCI, which has most recently reported no inmates and one staff as positive for COVID-19.[2] All told, there has been 1 reported inmate death due to COVID-19 at this facility. 168 inmates and 82 staff members are listed as recovered from COVID-19 infections. To date, Danbury FCI has vaccinated 162 staff members and 323 inmates.

Pelletier has documented hypertension, as well as a cystic mass on his neck that requires further evaluation and possible treatment.[3] He is also obese. As the Government acknowledges in its Response, Pelletier's obesity, in turn, places him at higher risk for serious illness from COVID-19. The Government concedes that these circumstances can qualify as "an 'extraordinary and compelling reason' that may warrant compassionate release if other criteria are also met." (ECF No. 80, PageID # 365.) However, the Government argues that the Court must consider another factor: vaccination.

On February 24, 2021, Pelletier was offered the opportunity to receive a COVID-19 vaccine but declined vaccination at that time citing concerns about his neck mass. (ECF No. 80-

---

[2] See https://www.bop.gov/coronavirus/ (last visited 4/16/2021).

[3] The Government has provided redacted medical records (ECF No. 80-3) which show that Pelletier's neck mass was most recently evaluated during a 3/3/21 exam by a nurse practitioner who recommended a surgical consult. See ECF No. 80-3, PageID # 385. While Pelletier remains concerned that the mass may be cancerous, to date he has not been diagnosed with cancer.

3, PageID # 394.)  In the Government's view, Pelletier's refusal of a vaccine should yield a finding that Pelletier cannot meet his burden of demonstrating extraordinary and compelling circumstances warranting compassionate release.  (See ECF No. 80, PageID # 366.)  As Judge Woodcock recently explained, "an inmate's vaccination refusal—without more—should be considered a factor, among others, against granting a motion for compassionate release if the motion is based on an inmate's risk of contracting COVID-19 while in prison."  United States v. Greenlaw, No. 1:18-cr-00098-JAW, 2021 WL 1277958, at *6 & n.6 (D. Me. Apr. 6, 2021) (collecting cases).  Here, the Court concludes that Pelletier's refusal of vaccination does significantly weigh against a finding that he presents extraordinary and compelling circumstances based on his risk of serious illness from COVID-19.  Moreover, on the record presented, Pelletier has not shown that his overall health and need for medical care qualify as extraordinary and compelling.

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider any applicable factors found in 18 U.S.C. § 3553(a). Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C); see also U.S.S.G. § 1B1.13(2) (requiring a determination that "the defendant is not a danger to the safety of any other person or the community").  Here, Pelletier's presentence report documented a long history of substance abuse and criminal conduct.  He was found to be criminal history category VI at sentencing.  As noted in the March 4, 2021 Probation Filing, Pelletier has received disciplinary reports for possession of various types of contraband and mail abuse.  Notably, in reviewing his appeal for home confinement within BOP, the Warden noted "high recidivism, risk level, recent institutional misconduct, [and] pending charge" as contributing to the decision to deny

4

Pelletier home confinement. (ECF No. 80-2, PageID # 373.) The Court acknowledges that Defendant has completed an admirable number of educational courses and is reportedly participating in nonresidential drug counseling.

Based on the entirety of the available record, the Court cannot conclude that Pelletier would not be a danger to the community if he were immediately released. Specifically, the Court is concerned that Pelletier needs further substance abuse treatment, along with a more defined release plan, in order to be successful with his term of supervised release. In short, the various goals that informed the Court's 222-month sentence remain and, as a result, the Court concludes that the § 3553(a) factors presently weigh in favor of not modifying Defendant's sentence to allow for his immediate release.

In light of Defendant's failure to establish extraordinary and compelling circumstances, as well as the Court's consideration of the applicable § 3553(a) factors, Defendant's pending Motion (ECF No. 76) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 21st day of April, 2021.