UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:12-cr-00119-GZS |
| KENNETH PELLETIER, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant Kenneth Pelletier's Motion for Compassionate Release (ECF No. 83). Having reviewed this Motion and all of the related filings (ECF Nos. 84 & 88–90), the Court DENIES Defendant's Motion.

**I.     LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate." United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

In addition, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). To date, however, the Sentencing Commission has not issued a policy statement applicable to prisoner-

initiated motions for compassionate release.  See United States v. Ruvalcaba, 26 F.4th 14, 21 (1st Cir. 2022).  The Commission's current policy statement, U.S.S.G. § 1B1.13, is applicable "only to motions brought by the BOP."  Id. at 20.  "As a general matter, a district court, reviewing a prisoner-initiated motion for compassionate release in the absence of an applicable policy statement, may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief."  Id. at 28.  But, U.S.S.G. § 1B1.13 "nonetheless may serve as a non-binding reference."  Id. at 23.

Finally, the Court must consider any applicable factors found in 18 U.S.C. § 3553(a), and "determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case."  Id. at 19 (cleaned up); see also 18 U.S.C. § 3582(c)(1)(A).  "[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release."  United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022); see also, e.g., United States v. Thurlow, No. 2:16-cr-00053-DBH, 2021 WL 5921368, at *2–3 (D. Me. Dec. 15, 2021) (denying compassionate release based on § 3553(a) factors despite finding that the death of the defendant's minor children's caregiver constituted an extraordinary and compelling reason).

## II.   DISCUSSION

Defendant Kenneth Pelletier, age 58, is presently serving a 222-month sentence at FCI Danbury and has a projected release date of February 13, 2029.[1]  Defendant previously moved for compassionate release in March 2021.  (See generally 1st Def. Mot. (ECF No. 76).)  In this earlier motion, Defendant asserted that his obesity, hypertension, and a mass on his neck put him at a higher risk of severe illness or death from COVID-19.  (Id., PageID # 208.)  The Court denied the

---

[1] See https://www.bop.gov/mobile/find_inmate (last visited July 25, 2022).

2

motion, finding that Defendant had failed to show that his overall health and medical care qualified as extraordinary and compelling reasons for release, noting that his refusal of vaccination was a significant factor weighing against such a finding based on his COVID-19 risk. (See 4/21/21 Order (ECF No. 82), PageID #s 403–04.) The Court also alternatively found that the balance of the 18 U.S.C. § 3553(a) factors weighed against Defendant's early release. (Id., PageID #s 404–05.)

In his present Motion, Defendant states that the mass on his neck was subsequently diagnosed as thyroid cancer and then removed via two surgeries. (See Def. Mot. (ECF No. 83), PageID # 410.) He asserts that the BOP is ill-equipped to manage his continued treatment, which involves radioactive iodine therapy and a special diet. (See id.; Def. Supp. Ltr. (ECF No. 84), PageID # 413.)[2] He also contends that his cancer was undiagnosed for three years due to BOP neglect, and that this failure is further evidence that the BOP cannot manage his treatment.[3] (See Def. Aff. (ECF No. 84-3), PageID # 425; Def. Ex. J (ECF No. 84-13), PageID # 446.) Defendant additionally asserts that the BOP is neglecting the treatment of his glaucoma and a lump located on his left wrist. (See Def. Aff., PageID # 425.) Furthermore, Defendant expresses a wish to care for his 91-year-old mother and notes the achievements he has made on his path to rehabilitation. (See 6/16/22 Ltr. (ECF No. 88), PageID # 495; Def. Reply (ECF No. 90), PageID # 532.)[4]

The Government does not dispute Defendant's cancer diagnosis but argues that, without more, it does not reach the level of extraordinary and compelling. (Gov't Response (ECF No. 89), PageID #s 504–06.) Specifically, the Government asserts that Defendant has neither shown that

---

[2] Allowing for Defendant's pro se status, the Court has liberally construed the arguments raised in both the Motion itself, which is somewhat sparse, and in his related filings.

[3] The medical records provided to this Court suggest that Pelletier agreed to proceed with treatment as of June 10, 2022, two weeks after he filed the present Motion. See Admin. Note (ECF No. 89-3), PageID # 514.

[4] Defendant, who appears now to be vaccinated, no longer argues that he is at an elevated risk from COVID-19. See Def. Ex. I (ECF No. 84-12), PageID # 442 (noting vaccination status).

he is on an "end of life trajectory" nor that his ailments have substantially diminished his ability to provide self-care.  (Id.)

Although not currently binding upon the Court, the commentary to U.S.S.G. § 1B1.13 is a helpful guide in distinguishing between serious medical conditions that will satisfy the extraordinary and compelling standard and those that will not.  The commentary instructs that a medical condition qualifies as extraordinary and compelling when either:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . [; or]
>
> (ii) The defendant is—
>
>> (I) suffering from a serious physical or medical condition, . . .
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A).

Here, the Court agrees with the Government that Defendant has not shown that his medical condition fits either category.  First, Defendant has not demonstrated that he has an illness with an end of life trajectory; rather, Defendant has described a range of plans he intends to pursue in the future, which suggests that he personally expects to recover.  (See 6/16/22 Ltr., PageID # 495 (describing plans to obtain employment and care for mother).)  As to Defendant's ability to provide self-care, the Court allows that Defendant's ability may be diminished during his radioactive iodine therapy, but Defendant has not demonstrated that this diminishment should be expected to be permanent.  Compare United States v. Denson, No. 7:15-cr-00009-D, 2021 WL 2004779, at *2 (E.D.N.C. May 18, 2021) ("Although [defendant] states that he was diagnosed with thyroid cancer . . . he has not demonstrated that he is not going to recover from [this] condition[] or that [it] cannot be treated while [defendant] serves his sentence. Accordingly, reducing [defendant's] sentence is

not consistent with application note 1(A)."), with United States v. Wong Chi Fai, No. 93-cr-01340-RJD, 2019 WL 3428504, at *1–3 (E.D.N.Y. July 30, 2019) (granting compassionate release to 65-year-old defendant who had served 26 years without any disciplinary violations, had been diagnosed with thyroid cancer that did not respond to multiple surgeries or radiation, had become unable to eat solid food, and had an estimated 12-month life expectancy).[5] Even absent consideration of the commentary associated with U.S.S.G. § 1B1.13, the Court would still arrive at the conclusion that Defendant has not shown his overall health and medical care qualify as extraordinary and compelling. See Saccoccia, 10 F.4th at 6 n.5 ("We do not . . . imply that a diagnosis of . . . cancer, standing alone, would justify compassionate release. That would depend on a constellation of other factors, including the BOP's ability to treat such an illness within the federal prison system.")

Regarding Defendant's wish to care for his mother, the Court does not find this reason extraordinary and compelling on the record presented. Simply put, the desire to care for an elderly parent, without more, is not an "extraordinary" circumstance.[6] See U.S.S.G. § 1B1.13, cmt. 1(C) (limiting extraordinary and compelling "family circumstances" to the need to care for a spouse or minor child); United States v. Acevedo, No. 12-cr-10120-NMG, 2022 WL 1028922, at *1 (D. Mass. Apr. 6, 2022) ("Courts have consistently declined to find that a desire to care for one's elderly parents qualifies as an extraordinary and compelling reason for release under the applicable

---

[5] As to Defendant's assertion that the BOP would be unable to manage his treatment, the Court does not find this supported in the present record. See, e.g., Admin. Note (ECF No. 89-3), PageID # 521 (describing discussion between medical provider and Pelletier about course of treatment without indicating inadequacy of BOP services). Regarding Defendant's allegation that the BOP failed for three years to diagnose his cancer, the Court does not find that this means that the agency is unequipped to treat him moving forward.

[6] The Court further notes that Defendant's PSR states that he was one of eleven children. See Revised PSR (ECF No. 78-1), PageID # 333. While the Court credits Defendant's statement that he has lost his father, brother, and son during his incarceration, Defendant has not shown that he is his mother's only potential caregiver. See 6/16/22 Ltr., PageID # 495; United States v. Greene, No. 1:17-cr-00012-NT, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (denying compassionate release where defendant failed to show he was the only potential caregiver for his mother).

statute." (internal quotation marks omitted)).[7]

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Court also must consider the factors found in 18 U.S.C. § 3553(a). As noted in the Court's previous denial of compassionate release, Defendant has a long history of substance abuse and criminal conduct, as well as a prison disciplinary record. (See 4/21/21 Order, PageID #s 404–05.) Based on the same considerations, the Court again finds the balance of the § 3553(a) factors currently weighs against compassionate release.[8]

For the foregoing reasons, Defendant's Motion for Compassionate Release (ECF No. 83) is hereby DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 25th day of July, 2022.

---

[7] As to Defendant's assertion that he has made strides in his rehabilitation, the Court notes that "rehabilitation alone [can] not be an extraordinary and compelling reason for compassionate release." See United States v. Sepulveda, 34 F.4th 71, 77 (1st Cir. 2022).

[8] Defendant challenges the Court's previous consideration of Defendant's substance abuse, arguing that the Supreme Court held that "substance abuse treatment is not a proper basis for incarceration" in Tapia v. United States, 564 U.S. 319 (2011). See Def. Reply, PageID # 534. However, Tapia concerned the interpretation of 18 U.S.C. § 3582(a), which relates to the initial imposition of a term of imprisonment and expressly directs courts to recognize "that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a). By contrast, § 3582(c) contains no such admonition. In any event, Defendant's history of recidivism is by itself sufficient to tilt the balance of the § 3553(a) factors against compassionate release. See 18 U.S.C. § 3553(a)(2)(C) (requiring consideration of the need "to protect the public from further crimes of the defendant").